UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PEGGY HAYNES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-2201 |
| | § | |
| CRESCENT REAL ESTATE EQUITIES, LLC, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before the court is defendant Crescent Real Estate Equities, LLC's ("Crescent") motion to dismiss plaintiff Peggy Haynes's original complaint. Dkt. 5. Plaintiff Peggy Haynes filed an amended complaint on September 26, 2011 (Dkt. 10), and Crescent filed a motion to dismiss the amended complaint (Dkt. 12), which is also pending before the court, on October 1, 2011. After considering the motions, related filings, and applicable law, the court is of the opinion that the motion to dismiss Haynes's original complaint (Dkt. 5) should be DENIED AS MOOT and the motion to dismiss Haynes's first amended complaint (Dkt. 12) should be DENIED.

### I. BACKGROUND

This is a Fair Labor Standards Act ("FLSA") retaliation action in which Haynes claims that Crescent terminated her employment because she complained about Crescent's alleged violations of the FLSA. *See* Dkt. 10. Haynes, who worked for Crescent as Vice President of Human Resources prior to her termination, contends that she informed Crescent's managing directors throughout 2008 that Crescent's discretionary bonus program was, in reality, nondiscretionary and that the non-exempt employees subject to the bonuses were not being paid in accordance with the FLSA. *Id.* Haynes claims that her regular job duties did not include determining the manner in

which to pay overtime and bonuses under the FLSA and that after she brought up the issue, the managing directors advised her to "let it go." *Id.* Haynes claims that she, however, felt that the non-exempt employees were being cheated by Crescent due to the allegedly unlawful pay practices. She therefore, while preparing a budget for Crescent in April 2009, again informed the managing directors that the overtime and bonus pay practices were unlawful and advised that they needed to adjust the budget to pay the non-exempt employees overtime and bonuses in accordance with the law. *Id.* Haynes contends that the managing directors told her that Crescent was not going to change its pay practices and "warned" her to stop raising the issue. *Id.* On June 12, 2009, Crescent terminated Haynes's employment. *Id.* Crescent claims that it terminated Haynes's employment because she failed to provide Crescent with documentation regarding her living expenses, failed to give Crescent her correct address in Fort Worth, and defrauded Crescent with regard to her living expenses. *Id.* Haynes contends that these reasons are false and that Crescent instead terminated her employment to retaliate against her for raising complaints about its alleged FLSA violations. *Id.*

Haynes filed her original complaint against Crescent on June 10, 2011, and Crescent moved to dismiss that complaint on September 2, 2011. Dkt. 5. Haynes filed her first amended complaint on September 26, 2011 (Dkt. 10), and Crescent moved to dismiss the first amended complaint on October 1, 2011 (Dkt. 12). Because the original complaint has been amended, Crescent's motion to dismiss the original complaint is DENIED AS MOOT.

Crescent argues, in its motion to dismiss the first amended complaint, that Haynes did not adequately plead that she engaged in protected conduct under the FLSA because bringing complaints about potential FLSA issues to Crescent's attention was done in furtherance of Haynes's normal job duties as the Vice President of Human Resources. Dkt. 12. Haynes argues that her first amended complaint adequately asserts that she engaged in protected activity. Dkt. 14. Specifically, in the

first amended complaint Haynes states that determining the manner in which Crescent paid overtime and bonuses under the FLSA was *not* part of her normal job duties as Vice President of Human Resources and that she complained about the alleged FLSA violations because she felt Crescent was treating its employees unfairly.  *Id.*

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)).  In considering a 12(b)(6) motion, the court must accept the factual allegations contained in the complaint as true.  *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).  Additionally, the court does not look beyond the face of the pleadings to determine whether the plaintiff has stated a claim under Rule 12(b)(6).  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 554 (internal citations omitted).  The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence.  *Id.*

## III. ANALYSIS

In order to assert a *prima facie* case of FLSA retaliation, a plaintiff must plead the following: "(1) participation in a protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action."  *Hagan v. Echostar Satellite L.L.C.*, 529

F.3d 617, 624 (5th Cir. 2008). Here, Crescent asserts that Haynes has not met the pleading standard for the first prong—participation in protected activity—because she did not step outside her normal role as Vice President of Human Resources when she allegedly advised Crescent that its pay practices were unlawful. Because "a part of any management position often is acting as an intermediary between the manager's subordinates and the manager's own superiors," employees in management positions do not engage in protected activity unless they step outside their "'role[s] of representing the company by either filing (or threatening to file) an action adverse to the employer, by actively assisting other employees in asserting FLSA rights, or by otherwise engaging in activities that reasonably could be perceived as directed towards the assertion of rights protected by the FLSA.'" *Id.* at 627-28 (quoting and adopting the Tenth Circuit's reasoning in *McKenzie v. Renberg's Inc.*, 94 F.3d 1478, 1486-87 (10th Cir. 1996)). Thus, "management employees, human resources employees, and legal employees, to name a few," are engaging in protected activity when they complain about alleged FLSA violations only if they are stepping outside their normal roles or otherwise by making "clear to the employer that [they are] taking a position adverse to [their] employer[s]." *Id.*

The first amended complaint asserts that Haynes's job did not involve determining the manner in which Crescent paid overtime and bonuses under the FLSA, as these decisions were made by members of upper management to whom Haynes reported. Dkt. 10 ¶ 32-33. Crescent argues that in order to plead that Haynes was stepping outside her normal role, Haynes must plead that her normal role did not involve *advising* Crescent about potential FLSA violations. Dkt. 12. Haynes argues that "[i]t seems rather obvious that if it was not within Plaintiff's job duties to determine overtime pay, then it was certainly not [her] job to advise Defendant on its compliance with the FLSA." Dkt. 14 at 7.

Haynes's statement that she was not responsible for making the decisions about how to pay overtime and bonuses, standing alone, does not show that she was stepping outside of her normal role when she advised Crescent that its overtime and bonus practices were unlawful. Even though she did not make the decisions about how to pay overtime and bonuses, her duties as Vice President of Human Resources could have involved providing upper management the information it needed to make the decision about how to pay overtime and bonuses. Thus, the first amended complaint's statement about Haynes's normal job duties does not demonstrate that she stepped outside of her normal job duties when she advised upper management about the alleged FLSA violation.

However, this does not end the inquiry. Courts considering whether employees in management positions have participated in protected activity under the FLSA have made clear that the significance of the "stepping outside" requirement is that the employee is taking a position *adverse* to the employer. *Hagan*, 529 F.3d at 630 (upholding the district court's order granting judgment as a matter of law in favor of a defendant because the plaintiff's behavior did not "suggest that he had taken a position adverse to the company with respect to [the non-exempt employees'] *statutory* rights"); *Samons v. Cardington Yutaka Techs., Inc.*, No. 2:08-cv-988, 2009 U.S. Dist. LEXIS 30398, at *14-19 (dismissing an FLSA retaliation claim because the facts alleged did not "suggest that [the plaintiff] did anything more than simply bring [the] alleged violations to the attention of [upper management] in accordance with her job responsibilities" and there was no allegation that the plaintiff "ever complained about these alleged violations . . . from a standpoint adversarial to the company"). While Haynes's assertion that her normal role did not involve making decisions about pay and overtime practices does not necessarily lead to the conclusion that she was stepping outside her normal role when she advised Crescent that these practices were unlawful, the other allegations in the first amended complaint demonstrate that Haynes "otherwise ma[de] clear"

5

to Crescent that Haynes "was taking a position adverse" to Crescent. *Hagan*, 529 F.3d at 628. According to the first amended complaint, after Haynes initially brought up the overtime pay and bonus issue, upper management officials told her to "let it go." Dkt. 10 ¶ 31. However, Haynes claims that she felt the non-exempt employees were being "cheated" by Crescent, so, after being told to "let it go," she advised Crescent that its budget needed to be adjusted to include pay to the non-exempt employees for overtime and bonuses in accordance with the FLSA. *Id.* ¶¶ 34-35. After this, Crescent allegedly again "warned" Haynes that "she needed to stop raising the issue." *Id.* ¶ 36. Because Haynes continued to pursue the issue after being told to "let it go," she was taking an adverse position, which is further accentuated by Crescent's alleged further "warning" that she needed to stop raising the issue. Thus, once her employer told her to stop and she failed to do so, she was stepping outside her job description as she was pursuing a role her employer had asked her not to pursue. The court therefore finds that Haynes has adequately pled that she participated in protected activity by advising Crescent, after she had been warned to drop it, that it should discontinue its allegedly unlawful overtime and bonus pay practices. Accordingly, Crescent's motion to dismiss the first amended complaint is DENIED.

## IV. CONCLUSION

Crescent's motion to dismiss Haynes's original complaint (Dkt. 5), which has since been amended, is DENIED AS MOOT. Crescent's motion to dismiss the first amended complaint (Dkt. 12) is DENIED.

It is so ORDERED.

Signed at Houston, Texas on November 17, 2011.

_____
Gray H. Miller
United States District Judge